Statement of the Case.
MONROE, J.
Plaintiff represents that he is engaged in business at 507 Canal street. New Orleans, as an auctioneer, selling jewelry and other personal property. That defendant has the adjoining store, in which he also sells jewelry and other wares. That for the malicious purpose of injuring him defendant has hung in his show window, adjoining the entrance to plaintiff’s store, a sign, in large letters, reading:
“Don’t be Misled.
“This store and window display has no connection with the would-be- auction, next door. Our entrance is at the corner.”
That the sole object and effect of the sign is to excite the distrust of plaintiff's customers as to the honesty of his business, to his-great prejudice, and that he has been damaged to the extent of $1,500. That defendant has repeatedly reported him to the mayor and police as—
“a criminal, carrying on an unlawful business, and has maliciously sought to injure his character and his business, and by his said acts and' slanderous charges and accusations has damaged petitionerin his character and reputation, in the sum of $1,000. That unless * * * enjoined from the further display of said sign, and from-harassing petitioner, boycotting and picketing petitioner’s place of business, and from buttonholing and soliciting the customers entering and leaving, * * * the said Hirsh will inflict upon petitioner, and upon his business, repeated and irreparable damages and injury, for which-no adequate redress could be obtained.”
Wherefore he prays for an injunction and for judgment, condemning defendant in damages in the sum of $2,500.
In answer to a rule nisi, ordering him to-show cause why a preliminary injunction should not issue, and by way of answer to-the merits and of reeonventional demand, defendant admits that he is exhibiting the sign, as alleged, but denies that he is doing so from any malicious motive. And he further denies that he has in any manner harassed plaintiff, or boycotted or picketed his store, or buttonholed or solicited his customers. And he alleges that the sign is necessary for his own protection, for the reason that plaintiff sells at auction, next door to defendant’s jewelry store, articles of jewelry and notions upon flagrant misrepresentations as to their origin and worth and at exorbitant prices, being assisted therein by half a dozen or more cappers, or dummy bidders, who are employed to inveigle passers-by into entering said auction shop and bidding on said articles; that defendant recently caused the arrest of one of said cap-pers as a dangerous and suspicious character, and he was convicted and fined; that said cappers, under the direction of said Giily, resort to all manner of artifices, both by words and acts, to induce persons who *969 stop at respondent’s show window, and who, if unmolested, would become customers of respondent, to enter said auction shop; 'that the said cappers, among other artifices, represent to said passers-by that said show window of respondent and said auction shop of plaintiff are one and the same place, and that the same grade and character of articles are being sold at public auction, in plaintiff’s said shop, as are being displayed in respondent’s show window; that the said cappers often—
“ * * * gather around a prospective customer of respondent and rush and crowd him into said auction shop, thus preventing said prospective customer from entering respondent’s store, and consequently resulting in damage and injury to respondent, in actual loss of business and in damage to his personal and business reputation, for which respondent reserves the right to sue in a proper proceeding; * * * that the' reputation of said auction shop is bad; that it was, and is, necessary for the protection of the reputation of respondent’s establishment that he give, by means of some sign, due notice to the public that his store is in no manner connected with said auction shop.”
He further, and for the purposes of his demand in reconvention, alleges:
“That he is engaged in the business of retailing jewelry, notions, etc.; * * * that by fair dealing * * * he had built up a remunerative trade, and was continually increasing his business, * * * until about 18 months ago * * * plaintiff established, * * * immediately adjoining respondent’s show window, a small shop, * * * where said Gilly and his employés sell jewelry, notions, etc., at auction; * * * that the auctioneer * * * is continually crying'out in a loud voice, clapping his hands and making other noisy demonstrations, in his endeavors to attract people from the street, to sell his wares, and to harass respondent, his employés, and customers; that said auction shop is the rendezvous of cap-pers, loafers, and other dangerous and suspicious characters, who often insult, abuse, and revile respondent and his employés; that the said noise, boisterous conduct, and vile language of said plaintiff, his employés and associates * * * are distinctly audible in respondent’s store, and have caused respondent damage, to his health, feelings, and peace of mind, in the sum of $300; * * * that the said Gilly sells In said auction shop, at public auction, articles t'V * * of a worthless character; * * * ■that said Gilly and his said employés take advantage of the proximity of respondent’s store, •* * * and of the attractive display of first-class goods made by respondent in his show window, to create the impression, by representations to that effect, and otherwise, among respondent’s customers, actual and prospective, and the public at large, that said auction shop is part and portion of respondent’s store; * * * and that respondent has been damaged, in his personal and business reputation, by being classed and associated with said shop as aforesaid, in the sum of $1,500; * * * that, by reason of the aforesaid noise, vile language, and disreputable dealings carried on, and of the dangerous and suspicious characters congregated in said auction shop, the same. constitutes a public and private nuisance, which should be abated by injunction * * * restraining said Gilly, his agents, and employés from further operating said auction shop.”
And he prays that plaintiff’s demand he rejected, and that he and his agents and employés he enjoined from further operating said auction shop, from inducing, crowding, or rushing persons from in front of respondent’s show window into said auction shop; from representing to persons who stop at respondent’s show window, or to any persons, that respondent’s store is a part and portion of said auction shop; and from in any manner interfering with the orderly conduct of respondent’s business. He further prays for damages, and costs.
After a full hearing in the district court there was judgment as follows:
“Enjoining the said defendant from placing in his show window a sign or card reflecting on plaintiff or his business, and especially the card, ‘Don’t be Misled. This store and window has no connection with the would-be auction next door’ — and enjoining the said defendant from obstructing, interfering with, accosting, and buttonholing plaintiff’s customers at or near the door of plaintiff’s place of business, for the purpose of preventing their entrance therein and there transacting business with plaintiff. It is further decreed that there be judgment in favor of plaintiff in reconvention, and against the said Sidney J. Gilly, enjoining and restraining the said Gilly, his agents, and employés * * * from inducing, rushing, or crowding persons from in front of the show window of the said * * * Hirsh into the auction store of the said Gilly, from representing to persons who stop at the show window of the said Hirsh, or to any other persons, .that the store of said Hirsh is a part and portion of said Giliy’s shop, and enjoining the said Gilly from in any manner interfering with the employes and customers of the said Hirsh, * * * dismissing the said Giliy’s demand for a moneyed judgment, *971 and also dismissing the said Hirsh’s reeonven-tional demand for a moneyed judgment; plaintiff to pay all costs incurred by him, and defendant, in a like manner, all the costs incurred by him, including the testimony of witnesses called in his behalf.”
From the judgment so rendered, defendant has appealed, hut plaintiff has not appealed, nor has he answered the appeal of defendant, or prayed for any amendment of the judgment.
Opinion.
Defendant’s counsel insist:
(1) That plaintiff is entitled to no injunction.
(2) That he is not entitled to an injunction restraining defendant from interfering with his customers, picketing his place, etc.
(3) That defendant is entitled to an injunction as prayed for by him.
(4) That defendant is entitled to damages.
(5) That there is error in the judgment appealed from in the matter of the costs.
The evidence shows that plaintiff has a license as an auctioneer, and is engaged in that business next door to the premises occupied by defendant; that he and defendant both sell notions and jewelry; that the jewelry sold by plaintiff is generally inferior in quality and value to that sold by defendant ; that plaintiff employs men, who stand about his place, outside and inside, some of whom have interfered with persons who were looking into defendant’s show window, and have represented to them that it was part of plaintirrs auction establishment; that defendant himself has, on one occasion, or perhaps oftener, been rudely treated by them, or by plaintiff; and that, on several occasions plaintiff, or those acting for him, have grossly misrepresented to purchasers the quality and value of the goods in his store.
The evidence does not show that plaintiff makes more noise than is usual in that kind of business, or that the noise made by him is such,as to constitute his place a nuisance, public or private; nor, on the other hand,does it show that defendant has been interfering with plaintiff’s customers in the manner alleged in the petition.
There can be no doubt that plaintiff has the right to conduct an auction business, free from interference on the part of the defendant, so long as he does not conduct it in such a manner as unlawfully to interfere with the business conducted by defendant-
“The law will only permit the abatement of so much of a nuisance as is necessary to prevent the injury.” Wood’s Law of Nuisances, § 33. A lawful business, located in a proper place, and conducted in a proper manner, cannot be treated as a nuisance per se, although it may be so conducted, or the-surrounding circumstances may be such, as to make it a nuisance. Law of Nuisance-(Joyce) § 99.
So far as we can see, the point at which plaintiff’s business, by reason of the manner-in which it has been conducted, has amounted to an unlawful interference with that of defendant was when plaintiff or his employes molested defendant’s customers, actual or prospective, whilst enjoying the privilege of looking into his show window, and undertook to “hustle” or coax them into-plaintiff’s place, representing that it, and the show window, were parts of the same establishment, and such interference has been enjoined. Whether plaintiff sells goods that are inferior or superior to those of defendant, or whether he deals fairly or unfairly with his own customers, are matters with which defendant has no such concern as-would entitle him to shut up plaintiff’s place by the writ of injunction.
“The carrying on of banking operations contrary to the statute has been held not to be such a mischief or public nuisance that a court of equity would grant an injunction to restrain the same, even though it had jurisdiction- over public nuisances.” Law of Nuisances (Joyce) § 85, citing Atty. Genl. v. Utica Ins. Co., 2 Johns. Ch. (N. S.) 371; Atty. Genl. v. Bank of Niagara, 1 Hopk. Ch. (N. Y.) 354.
*973 Where a merchant undersells or oversells his neighbor, though the latter may suffer damages thereby, It is damnum absque in-juria. And if he deals unfairly with his own customers, it is a matter between him and them, or between him and the state.
If an auctioneer should be convicted, in a criminal prosecution, of having sold jewelry not of the quality represented by him, and of having refused to return the price/ on demand made within 20 hours, or of having offered an article for sale, setting forth its value, and through the aid of mock bidders induced its purchase by a real bidder, and of then having substituted another article in lieu of that offered and sold, his license would be forfeited, and he would be liable to a fine of $500. Rev. St. §§ 155, 150. But we know of no authority for imposing any such penalty in a civil suit, and what defendant cannot do legally through the courts he cannot do illegally by means of publications or signs, such as that exhibited by him, though he, no doubt, has the right to maintain a sign in his window notifying the public that the window is his, and has no connection with the business carried on next door.
2. We find no evidence going to show that defendant has been obstructing, interfering with, accosting, and buttonholing plaintiff’s customers.
3. For the reasons which have been stated, we are of opinion that the injunction, issued in favor of defendant, goes as far as it should.
4. The proof is insufficient to warrant a judgment for damages claimed by defendant.
5. The party cast should bear the costs, and the judgment appealed from must be amended in that respect.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended, by annulling and avoiding so much thereof as enjoins the defendant “from obstructing, interfering with, accosting, and buttonholing plaintiff’s customers, at or near the door of plaintiff’s place of business, for the purpose of preventing their entrance therein, and there transacting business with plaintiff,” and by annulling and avoiding that portion of it which condemns each of the litigants to pay his own costs; and, it is further adjudged and decreed that said judgment be, in other respects, affirmed, the defendant to pay the costs incurred in the lower court upon the main demand, and the plaintiff to pay the costs so incurred upon the demand in reconvention. It is further decreed that plaintiff pay the costs of the appeal.